Filed 9/9/15  P. v. Martinez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>RICHARD MARTINEZ,<br><br>　　　Defendant and Appellant. | B260393<br><br>(Los Angeles County<br>Super. Ct. No. BA101245)<br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion issued on August 25, 2015, is hereby modified as follows:

On page 2, the third sentence in the first paragraph under the heading "BACKGROUND" is replaced with the following sentence:

The court ultimately sentenced defendant to consecutive third-strike terms of 25 years to life, plus 15 years on each count for three section 667, subdivision (a)(1) prior serious felony enhancements.

There is no change in the judgment.


ROTHSCHILD, P. J.　　　　　　CHANEY, J.　　　　　　LUI, J.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>RICHARD MARTINEZ,<br><br>     Defendant and Appellant. | B260393<br><br>(Los Angeles County<br>Super. Ct. No. BA101245) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Viet H. Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Richard Martinez appeals from an order denying his petition for Proposition 36 resentencing pursuant to Penal Code section 1170.126[1] with respect to one of his two 1995 commitment offenses for which he received concurrent third strike terms. Although defendant recognizes he is ineligible for resentencing with respect to his first degree burglary conviction because it was a "serious" offense, he contends the trial court erred by concluding he was ineligible with respect to his conviction for dissuading a witness, which was not categorized as a "serious" or "violent" felony at the time of defendant's conviction, although it was added to the list of "serious" felonies in 2000. (§ 1192.7, subd. (c)(37).)  In light of the California Supreme Court's recent decision in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), we necessarily affirm.

## BACKGROUND

Defendant was convicted of first degree burglary and dissuading a witness in violation of section 136.1, subd. (c)(1).  Defendant waived a jury trial on five strike allegations (four residential burglaries and a robbery), and the court found these allegations true.  The court sentenced defendant to concurrent third-strike terms of 25 years to life, plus 15 years on each count for three section 667, subdivision (a)(1) prior serious felony enhancements.

In 2014 defendant filed a petition for Proposition 36 resentencing with respect to his dissuading conviction.  The trial court denied the petition on the ground defendant's first degree burglary conviction rendered him ineligible for resentencing.

## DISCUSSION

Proposition 36, also known as the Three Strikes Reform Act of 2012, was approved by the voters on November 6, 2012, and went into effect the next day.  It amended sections 667 and 1170.12 so that an indeterminate term of 25 years to life in prison is applied only where the "third strike" offense is a serious or violent felony or the

---

[1] Undesignated statutory references pertain to the Penal Code.

2

prosecution pleads and proves an enumerated triggering factor. (§§ 667, subd. (e)(2)(A), (C), 1170.12, subd. (c)(2)(A), (C).)

Proposition 36 also created section 1170.126, which provides a procedure for resentencing "persons presently serving an indeterminate term of imprisonment" under the Three Strikes law "whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Such a person may file a petition to recall his or her sentence and be sentenced as a second strike offender. (§ 1170.126, subd. (b).) An inmate is eligible for such resentencing if his or her commitment offense is not a serious or violent felony and none of the factors that would trigger a third strike sentence under the Three Strikes law as reformed by Proposition 36 apply. (§ 1170.126, subd. (e).) Resentencing of qualified inmates may nonetheless be refused if the trial court, "in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

On appeal defendant contends that the status of a commitment offense as serious or violent must be assessed as of the time that offense was committed and that an inmate is eligible for Proposition 36 resentencing with respect to a commitment offense that is neither serious or violent, even though he or she has another commitment offense that is a serious or violent offense.

In *Johnson*, *supra*, 61 Cal.4th at page 680, the Supreme Court resolved both of these issues: "[W]e hold that when a court resentences a third-strike defendant the classification of an offense as serious or violent is based on the law as of November 7, 2012, the effective date of Proposition 36, and that the presence of a current offense that is serious or violent does not disqualify an inmate from resentencing with respect to a current offense that is neither serious nor violent."

Accordingly, because both of defendant's commitment offenses constituted serious felonies on the effective date of Proposition 36 (§ 1192.7, subd. (c)(18), (37)), he was ineligible for resentencing under section 1170.126. The trial court did not err by denying his petition.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

LUI, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.

4